UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAINTERS AND ALLIED TRADES ) <br> DISTRICT COUNCIL NO. 35 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SKYLIGHT CONSULTANTS OF ) <br> AMERICA ) <br> ) <br> Defendant. ) <br> ) | 04 10337 RGS <br> C.A. NO. <br> MAGISTRATE JUDGE _____ <br><br> RECEIPT # 53957 <br> AMOUNT $ 150 - <br> SUMMONS ISSUED ___/___ <br> LOCAL RULE 4.1 _____ <br> WAIVER FORM _____ <br> MCF ISSUED _____ <br> BY DPTY. CLK. _____ <br> DATE 2-19-04 |

COMPLAINT

1. This is an action to enforce a labor arbitration award pursuant to § 301 of the Labor Management Relations Act (the "Act"), 29 U.S.C. § 185. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337.

2. Plaintiff, Painters and Allied Trades District Council No. 35, is a labor organization within the meaning of 29 U.S.C. § 185 and is the duly authorized collective bargaining representative, pursuant to the Act, 29 U.S.C. § 152, et seq., of painters, glaziers and allied trades employed in the geographic areas of Massachusetts, New Hampshire, Maine and Vermont. Plaintiff maintains its principal office in Roslindale, Massachusetts.

3. Defendant, Skylight Consultants of America is an employer within the meaning of 29 U.S.C. § 152(2) and § 185, does business in this judicial district, and has its principal place of business in Mooresville, Indiana.

4. Plaintiff and defendant are parties to a collective bargaining agreement that is a contract within the meaning of 29 U.S.C. § 185(a) and that, among other things, provides for arbitration of disputes arising under the agreement.

4. Plaintiff and defendant are parties to a collective bargaining agreement that is a contract within the meaning of 29 U.S.C. § 185(a) and that, among other things, provides for arbitration of disputes arising under the agreement.

5. Plaintiff invoked the grievance and arbitration provision of the applicable collective bargaining agreement and submitted to arbitration a dispute with defendant that had arisen under the collective bargaining agreement.

6. The parties' collective bargaining agreement provides that the Joint Trade Board is authorized to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints" and that the Joint Trade Board's decisions are binding as to the parties.

7. Following a hearing on the plaintiff's grievance, of which the defendant was given notice, the Joint Trade Board duly issued an award on October 30, 2003 sustaining plaintiff's grievance against the defendant and awarding plaintiff and its affiliated funds the amount of $7,843.76 and ordered the defendant to provide payment of that amount within ten (10) days of receipt of that letter. (Attached hereto as Exhibit "A")

8. To date and without any lawful justification, defendant has refused to comply with the Joint Trade Board's award.

9. The Massachusetts Arbitration Act requires that any action to vacate an arbitration award be filed within thirty (30) days of the award. M.G.L. c. 150 § 11.

10. Defendant failed to file an action to vacate the arbitration award within thirty (30) days of its receipt.

WHEREFORE, plaintiff respectfully requests that judgment be entered against defendant:

a. Ordering defendant to pay the Joint Trade Board the amount of $7,843.76 with pre judgment interest from ten days after the receipt of the award as provided for in the collective bargaining agreement;

b. Ordering the defendant to pay plaintiff's costs and attorney's fees for bringing this action;

c. Awarding such other and further relief as may be just and proper; including, but not

limited to, declaring that the defendant is time barred from asserting any affirmative defenses because the statutory period of thirty (30) days has elapsed.

> Plaintiff,
> Painters and Allied Trades
> District Council No. #35
> By its attorney,
>
> /s/ Michael A. Feinberg
> Michael A. Feinberg, BBO #161400
> Feinberg, Campbell & Zack, P.C.
> 177 Milk Street
> Boston, MA 02109
> (617) 338-1976

### CERTIFICATE OF SERVICE

I, Michael A. Feinberg, hereby certify that I caused a copy of the foregoing document to be sent to Mr. Frank H. Lowry, Skylight Consultants of America, 439 Conduitt Drive, Mooresville, IN 46158 via first class mail postage pre paid.

/s/ Michael A. Feinberg
Michael A. Feinberg

February 3, 2004

Chairman - Secretary
Thomas J. Gunning
PFEANE, Inc.
GEANE, Inc.

**NEW ENGLAND**
*PAINTING, FINISHING & GLAZING*
*DC 35 Joint Trade*

Painters and Allied Trades District C
Labor & Management Working Together

CERTIFIED MAIL

**DC-4**

October 30, 2003

Mr. Frank H. Lowry
Skylight Consultants of America
439 Conduitt Drive
Mooresville, IN 46158

U.S. Postal Service
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

| Postage | $ .37 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.42 |

Sent To: Mr. Frank H. Lowry
Street, Apt. or PO Box: Skylight Consultants of America
                        439 Conduitt Drive
City, State: Mooresville, IN 46158

PS Form 38

Dear Mr. Lowry:

This matter came before the New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board at a hearing on October 28, 2003. No representative from Skylight Consultants of America appeared despite being properly notified by certified mail. Painters & Allied Trades District Council No. 35 submitted the charges to the Board.

Joseph Itri, DC 35 Business Representative presented evidence supporting the charges.

Mr. Itri, read the charges against Skylight Consultants of America for alleged violations of the Agreement per Article II, Trade Jurisdiction, Section 2 – Glazing Industry – Article XVIII, Section 1, Job Registration – Article XVIII, Section 2, Overtime Registration.

Mr. Itri testified that Skylight Consultants was found to be working at the Super Stop & Shop on Montello Avenue in Brockton, MA in Zone 2 on Saturday, September 20, 2003. Skylight Consultants did not report this job to the Union Hall and they did not register their overtime. The two (2) people working on the project were not from District Council #35, and none were union glaziers. Mr. Itri estimated that it took two employees two weeks to complete the work.

The Board voted that Skylight Consultants of America be required to pay wages for two workers based on the two weeks worked at the required Zone 2 rate of $39.03 per hour.

In addition, the Board voted that Skylight Consultants of America be required to pay 20% liquidated damages on the unpaid and delinquent fringe benefits, an administrative fee of $200 along with a fine of $150 for failing to register the job with DC 35 and failure to notify DC 35 of overtime on Saturday, Sept. 20, 2003. Therefore, a check in the amount of $7,843.76, made payable to the New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board should be mailed to: New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board, 1400 Hancock St., 7th floor, Quincy, MA 02169 within ten (10) days following the receipt of this Award.

In the event that the company fails to comply with any of the terms of this Award and the union prevails at any proceeding to obtain judicial enforcement of the Award, the union's reasonable attorney's fees incurred in such proceedings, as determined by the court on an application for attorney's fees, shall be deemed and, hereby is, a part of this Award. In addition to attorney's fees the union shall be entitled to pre-judgment interest on any amount found to be owed by the company from a date ten (10) days after the company's receipt of the Award, which interest shall be calculated at 1-1/2 % above prime up to $500.00 and 2% above prime over $500.00 or any other higher amount allowed by law or regulation.

Tel: 617/479-0220

1400 Hancock Street
Quincy, MA 02169

Fax: 617/479-1478

The Board voted unanimously for the findings, conclusions and awards set forth herein.

For your information, a copy of the Appeal Procedure is attached hereto.

Cordially,

*[signature: Thomas J. Gunning]*

Thomas J. Gunning
Chairman/Secretary

Enclosure

cc:  Ralph Harriman, Bus. Mgr. DC#35
     Sharon Saganey, Funds Adm. DC#35
     Michael Feinberg, Esq., Feinberg, Campbell & Zack
     Joseph Itri, Bus. Rep. DC#35



**U.S. Postal Service**
**CERTIFIED MAIL... RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ .37 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.42 |

Article number: 7003 1010 0001 2233 2706

Sent To: Mr. Frank H. Lowry
Skylight Consultants of America
439 Conduitt Drive
Mooresville, IN 46158

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Frank H. Lowry
Skylight Consultants of America
439 Conduitt Drive
Mooresville, IN 46158

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Frank H Lowry  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                  11-17-03

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label): 7003 1010 0001 2233 2706

PS Form 3811, August 2001    Domestic Return Receipt    2ACPRI-03-P-4091